THE VILLAGE OF WINNETKA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Raymond Gherardini, Appellee).

First District (Industrial Commission Division)   No. 1—90—3153WC

Opinion filed February 7, 1992.—Rehearing denied August 13, 1992.

Jack M. Shanahan, of Chicago, for appellant.

Krol, Bongiorno & Given, of Chicago, and Thomas W. Duda, of Buffalo Grove (Salvatore J. Bongiorno, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff-appellant Village of Winnetka (the Village) brought this action for judicial review of the Industrial Commission's decision which, confirming the arbitrator, found that section 22—307 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 22—307) did not bar claimant Raymond Gherardini, a Winnetka fireman, from proceeding on his worker's compensation claim against the Village. The trial judge confirmed the decision of the Industrial Commission, which order the Village appeals. We reverse.

The relevant facts are as follows. The Village employed claimant as a fire fighter. In November of 1982, claimant was injured in the course of his employment. As a result, he incurred charges for medical treatment and lost 7³/₇ weeks from his work. The Village paid his medical bills and his full salary for the time he missed work.

On January 10, 1984, claimant filed an application for adjustment of claim with the Industrial Commission, seeking compensation for his injuries under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.) (the Act). The Village took the position that the Village's ordinance 3.14 (Winnetka, Ill., Ordinance 3.14) (Ordinance 3.14) and sections 22—306 and 22—307 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, pars. 22—306, 22—307) barred claimant's right to compensation under the Act. The arbitrator awarded claimant permanent partial disability under section 8(e) of the Act to the extent of 30% loss of use of his right leg.

The Industrial Commission (Commission) subsequently affirmed the arbitrator's decision. The Village appealed the Commission's decision to the circuit court of Cook County. The trial court confirmed the Commission's decision, holding (1) that the Pension Code provisions did not bar a claim for permanent partial disability under the Act, and (2) that even if the Pension Code provisions did apply, the failure of the Village to provide in its ordinance for loss of use compensation rendered the ordinance ineffective to bar claimant's right to compensation under the Act.

■ Section 22—306 of the Pension Code provides in relevant part:

"The corporate authorities of any city or the village may provide by ordinance that in case of an accident resulting in an injury to or death of a policeman or fireman in the employ of such city or village while in the performance of his duties, the officer at the head of the department or such other officer as may be designated may secure and provide proper medical care

and hospital treatment for any such policeman or fireman. The city or village may incur the expense aforesaid and appropriate and pay for the same." Ill. Rev. Stat. 1981, ch. 108½, par. 22—306.

Section 22—307 of the Pension Code provides in relevant part:

"Common law or statutory rights barred. Whenever any city or village enacts an ordinance pursuant to this Division, no common law or statutory right to recover damages against such city or village for injury or death sustained by any policeman or fireman while engaged in the line of his duty ***, other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available to any policeman or fireman who is covered by the provisions of such ordinance ***.

If any action against such city or village to enforce a common law or statutory right to recover damages for negligently causing the injury or death of any policeman or fireman, is pending, for trial or on appeal, at the time this Division shall come in force or *** at the time such ordinance is enacted, the amount of any award or allowance of money pursuant to such ordinance shall not be paid while such action is pending and shall be reduced, before payment, by the amount of any judgment obtained *** or such allowance of money, if already paid, together with all moneys expended pursuant to such ordinance for medical care and hospital expenses, may be set off against such judgment, either in such pending action or through other appropriate action by such city or village." Ill. Rev. Stat. 1981, ch. 108½, par. 22—307.

Sections 22—301 through 22—305 of the Pension Code, which are in the same division of the Pension Code as sections 22—306 and 22—307, all deal with a city's or village's power and exercise of same to enact an ordinance for the "allowance of money" to the family or dependants of any policemen or firemen killed or fatally injured in the performance of their duties. See Ill. Rev. Stat 1981, ch. 108½, pars. 22—301 through 22—305.

Section 22—306 clearly provides that the Village had the power to "provide by ordinance that in case of an accident resulting in an injury or death of a policeman or fireman" in the Village's employ in the performance of his duties, the Village would incur the expenses of medical care and hospital expenses. Ordinance 3.14, apparently adopted pursuant to section 22—306, provides in pertinent part:

"Accidental injury to or Death of Firemen and Policemen.

(a) *Medical Care.* In case of an accident resulting in an injury to or death of a policeman or fireman in the employ of the village while in the performance of his duties, the village manager shall have the authority to secure and provide proper medical care and hospital treatment for any such policeman or fireman, and to that end may incur expenses in connection therewith.
\*\*\*

\* \* \*

(c) *Payment of Expenses.* All bills showing the items of expense incurred for any medical care and hospital treatment [shall be presented to the Village manager and if determined reasonable, recommended to the Village council, who shall if necessary appropriate funds to cover the items of expense]." Winnetka, Ill., Ordinance 3.14.

It seems clear that Ordinance 3.14 provides for precisely what section 22—307 authorizes, and claimant makes no argument that the ordinance does not comply with the provisions of section 22—306. Rather, claimant argues that despite the enactment of Ordinance 3.14, the Village is not entitled to the protection section 22—307 affords. This is so, according to claimant, because the bar provided in the first paragraph applies only to actions grounded in negligence.

In support of this argument, claimant notes that the second paragraph of section 22—307 provides for a setoff of recovery where policemen or firemen have filed actions asserting common law or statutory rights to recover against a city or village. This second paragraph applies only to actions based on negligence and pending at the time the statute came into force or such an ordinance was enacted. Claimant further notes that predecessors to section 22—307, which contained substantially the same language as the current section 22—307, consisted of a single paragraph. The fact that the predecessors to current section 22—307 contained only one paragraph is further evidence that the legislature intended the bar to apply to actions grounded in negligence only.

■ We disagree with claimant's interpretation of section 22—307. The language of the first paragraph of section 22—307 is clear. It provides that whenever a city or village enacts an ordinance pursuant to sections 22—301 or 22—306, "no common law or statutory right to recover damages against such city or village \*\*\* other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, shall be available [to those the ordinance covers.]" (Ill. Rev. Stat. 1981, ch. 108½, par. 22—307.) The meaning of the words "no common law or statutory right to recover

damages *** shall be available" is susceptible to only one interpretation and as a result is unambiguous. The second paragraph of section 22—307 applies to an entirely different circumstance than that before us: that of pending actions grounded in negligence. We refuse to speculate as to why the legislature provided a setoff for actions grounded in negligence only. Given that the setoff part of section 22—307 applies only to this limited type of action, which is neither involved in the case *sub judice* nor is the only type of action which may be asserted against a municipality, we fail to see how the plain language of the first paragraph of section 22—307 may be disregarded. That language clearly indicates that no common law or statutory right is available for those to whom such an ordinance applies.

Claimant also calls attention to the fact that section 1(b)(1) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(b)(1)) was amended in 1984 to provide that firemen in a city with a population of more than 200,000 would be covered under the Act's provision of disfigurement claims. Claimant notes that the legislative history of this amendment indicates that the amendment's sponsor intended the amendment to place Chicago firemen "in the same situation as fire fighters all over the rest" of the State. Thus, according to claimant, it makes no sense to interpret section 22—307 of the Pension Code as barring workers' compensation claims.

Neither the amendment to the Act claimant cites nor the legislative history claimant refers to, however, compels the result advanced. We do not address in this case a claim for disfigurement under the Act, and the tension between section 22—307 and section 1(b)(1) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(b)(1)) is not at issue. Rather, claimant's claim under the Act was for temporary total disability and permanent loss of use of his right leg. The legislative history of the above amendment is, first of all, not legislative history of section 22—307, which we are interpreting, and second, not dispositive. The sponsor's remarks that the amendment was intended to place Chicago firemen in the same situation as fire fighters in the rest of the State may well have been said on the assumption that other municipalities have not enacted such an ordinance as the Village has. We note that each case the parties have identified involves an ordinance of the City of Chicago; no case law construing any other Illinois municipality's similar ordinance has been brought to our attention.

Likewise, we do not accept claimant's argument that the offset provisions of Article 4 of the Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—101 *et seq.*) compel the result that claimant may bring a claim under the Act. According to claimant, the purpose of the Article

4 provisions is to avoid double recovery to policemen and firemen who receive workers' compensation benefits. However, the double recovery concern applies to situations where a policeman or fireman files a claim and recovers under the Act. Here, we deal with a statute providing that a municipality may enact an ordinance which bars an individual from bringing the workers' compensation claim in the first instance.

Claimant has advanced the argument that any conflict between a municipal ordinance and a State statute must be resolved in favor of the statute. (See *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29.) We think, however, that this argument misstates the issue. Here, the ordinance was specifically adopted pursuant to a State statute itself, namely, section 22—306 of the Pension Code. Thus, the conflict is one between State statutes, not between the ordinance and a State statute. On this issue, we agree with the Village that the Pension Code provisions, which apply specifically to only policemen and firemen, are the more specific statutes, and thus are controlling. See *People v. Maya* (1983), 119 Ill. App. 3d 961, 965.

Claimant also asserts that the Act should take primacy over the Pension Code, noting that the Act applies generally to all employees in this State, and noting the Act's remedial purpose. However, as we have indicated, sections 22—306 and 22—307, applying specifically to policemen and firemen, are more specific. Further, as the court indicated in *Mitsuuchi v. City of Chicago* (1988), 125 Ill. 2d 489, 494:

> "[T]he Workers' Compensation Act, and in our view the Pension Code provisions here at issue [sections 22—306 and 22—307], are intended in part to protect the employee from the financial burden of either (1) bearing certain costs himself or (2) litigating the matter against his employer to a distant and uncertain conclusion. We note parenthetically that the supreme court of at least one other State has found that statutes governing disability, pension and death benefits for fire fighters and police officers serve purposes equivalent to workers' compensation [citation], and that the court in *Sweeney v. City of Chicago* (1971), 131 Ill. App. 2d 537, observed, 'The system created for the compensation of injured police officers under the Illinois Pension Code is analogous to that established by the Work[ers'] Compensation Act' [citation]."

Thus, claimant's argument that the Act controls over the Pension Code loses its force when it is apparent that the Pension Code, which provides death and disability benefits to policemen and firemen gener-

ally (to which claimant makes no suggestion Winnetka fire fighters are not entitled), serves the same purpose as the Act.

Finally, claimant argues that even assuming the Pension Code provisions at issue bar a workers' compensation claim, Ordinance 3.14 is insufficient in complying with section 22—307 and, therefore, would not bar his claim under the Act. In making this argument, claimant focuses on the language of section 22—307 which provides that an ordinance so enacted bars common law or statutory rights to recover damages against a city or village "other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance." (Ill. Rev. Stat. 1981, ch. 108½, par. 22—307.) According to claimant, this language compels the result that only an ordinance providing for both "the payment of the allowances of money" and of "the medical care and hospital treatment" raises the bar. Because Ordinance 3.14 provides only for medical care and hospital treatment, and not for the payment of allowances of money, the ordinance is insufficient to invoke the bar. We think not.

The division of the Pension Code in which section 22—307 appears speaks to two types of ordinances. Sections 22—301 through 22—305 specifically deal with an ordinance providing the payment of allowances of money to the family or dependants of a policeman or fireman killed or fatally injured while in the performance of his duties. Section 22—306, on the other hand, speaks to the provision of medical care and hospital expenses in cases of accidental injury or death to a policeman or fireman while in the performance of his duties. Claimant makes no argument that the allowance of money which may be provided by ordinance is synonymous with medical care and hospital treatment, and nothing in section 22—307 or elsewhere in the division compels that the distinct and separate benefits must be provided for in the same ordinance or that a municipality must provide both types of benefits. Thus, we hold that the failure of the Village to provide for the payment of allowances of money in Ordinance 3.14 does not cause the Village to lose the bar section 22—307 clearly provides, and create a "gap" in coverage which the Act may fill, as claimant contends.

For the foregoing reasons, the order of the trial court is reversed.

Reversed.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and LEWIS, JJ., concur.