JOHN M. NELSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(The Village of Winnetka, Appellee).

First District (Industrial Commission Division)    No. 1—98—0141WC

Opinion filed June 1, 1999.

Thomas W. Duda, of Law Offices of Thomas W. Duda, of Arlington Heights, for appellant.

Gail A. Galante of Johnson & Drozdzik, Ltd., of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

In February 1992, we held in *Village of Winnetka v. Industrial*

*Comm'n,* 232 Ill. App. 3d 351 (1992), that once a municipality enacts an ordinance pursuant to section 22—306 of the Pension Code (40 ILCS 5/1—101 *et seq.* (West 1996)), section 22—307 of the Pension Code precludes an injured firefighter or police officer employed by that municipality from pursuing workers' compensation benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)). However, in November 1997, the General Assembly amended section 22—307 to expressly allow injured firefighters and police officers to pursue workers' compensation benefits even though their municipal employer enacted an ordinance pursuant to section 22—306.

In the instant case, claimant, John M. Nelson, a firefighter employed by the Village of Winnetka, filed multiple applications for adjustment of claim pursuant to the Act for a herniated disk sustained in 1985 and subsequent aggravation of that condition through 1987. The arbitrator found that the claims were barred pursuant to the *Village of Winnetka* decision. The Industrial Commission (Commission) affirmed, and the trial court confirmed the Commission's decision.

On appeal, claimant contends that the former version of section 22—307, which applies to his case, should be read as section 22—307 now exists with the 1997 amendment. We disagree, finding that the General Assembly sought to change the law when it amended section 22—307. Therefore, we affirm.

## I. Recovery of Benefits for Firefighters Injured in the Line of Duty and the *Village of Winnetka* Decision

■ The extent of a firefighter's recovery for injuries sustained in the line of duty before November 12, 1997, depends on whether his municipal employer enacted an ordinance pursuant to section 22—306 of the Pension Code. An injured firefighter employed by a municipality without an ordinance enacted pursuant to section 22—306 may file a claim under the Act. On the other hand, in *Village of Winnetka,* this court held that where a municipality enacts an ordinance pursuant to section 22—306, section 22—307 bars an injured firefighter from pursuing benefits under the Act. 232 Ill. App. 3d at 354-55.

Section 22—306 provides in pertinent part:

> "The corporate authorities of any city or the village may provide by ordinance that in case of an accident resulting in an injury to or death of a policeman or fireman in the employ of such city or village while in the performance of his duties, the officer at the head of the department or such other officer as may be designated may secure and provide proper medical care and hospital treatment for any such policeman or fireman. The city or village may incur the expense aforesaid and appropriate and pay for the same." 40 ILCS 5/22—306 (West 1996).

Before November 12, 1997, section 22—307 provided in pertinent part:

"Whenever any city or village enacts an ordinance pursuant to this Division, *no common law or statutory right to recover damages* against such city or village for injury or death sustained by any policeman or fireman while engaged in the line of his duty as such policeman or fireman, other than the payment of the allowances of money and of the medical care and hospital treatment provided in such ordinance, *shall be available to any policeman or fireman* who is covered by the provisions of such ordinance, or to anyone wholly or partially dependent upon such policeman or fireman, or to the legal representative of the estate of such policeman or fireman, or to anyone who would otherwise be entitled to recover damages for such injury or death." (Emphasis added.) 40 ILCS 5/22—307 (West 1996).

Effective November 12, 1997, section 22—307 lacks any language barring statutory actions and expressly states that nothing in the Pension Code prevents a firefighter who works for a municipality with a population under 500,000 from recovering under the Act. See Pub. Act 90—525, eff. November 12, 1997 (amending 40 ILCS 5/22—307 (West 1996)). Thus, municipalities that have enacted ordinances pursuant to section 22—306 are no longer exempt from injured firefighters and police officers' workers' compensation claims.

According to the legislative history, the amendment was intended to address the effects of *Village of Winnetka*. 90th Ill. Gen. Assem., Senate Proceedings, March 20, 1997, at 80; 90th Ill. Gen. Assem., Senate Proceedings, October 30, 1997, at 6. Evidently when the General Assembly revamped the Act in 1975 to include employees of counties and municipalities, it intended that all firefighters and police officers would be covered by the Act. 90th Ill. Gen. Assem., Senate Proceedings, March 20, 1997, at 80; 90th Ill. Gen. Assem., Senate Proceedings, October 30, 1997, at 6. However, the General Assembly neglected to align section 22—307 of the Pension Code pursuant to this objective. 90th Ill. Gen. Assem., Senate Proceedings, March 20, 1997, at 80; 90th Ill. Gen. Assem., Senate Proceedings, October 30, 1997, at 6. As a result, section 22—307 continued to preclude firefighters and police officers from collecting workers' compensation benefits for their injuries where their municipal employer had enacted an ordinance pursuant to section 22—306. Thus, according to the legislative history, the amendment to section 22—307 corrected this gap in policy between the Act and the Pension Code.

II. *Village of Winnetka* and its Continued Validity

Initially, claimant contends that we misinterpreted section 22—

307 in *Village of Winnetka* by finding that its application barred firefighters from recovering workers' compensation benefits. In support of this proposition, claimant makes three arguments. First, claimant argues that firefighters are covered under the Act since section 3 of the Act includes municipal employers within its coverage. 820 ILCS 305/3 (West 1996). Second, claimant asserts that the broad definition of "employee" provided in section 1(b)(1) of the Act (820 ILCS 305/1(b)(1) (West 1996)) also requires application to all firefighters. Third, claimant contends that it makes no sense to construe section 22—307 as a bar to workers' compensation benefits considering that section 1(b)(1) of the Act covers disfigurement claims by firefighters in any city with a population of more than 200,000. Specifically, he notes that the enactment of section 1(b)(1) was intended to allow disfigurement compensation for firefighters employed by the City of Chicago, a municipality that enacted an ordinance pursuant to section 22—306. Lastly, claimant argues that the section 22—307 bar only applies to common law and statutory rights of recovery sounding in negligence. In particular, he argues that the usage of the term "negligently" in the second paragraph of section 22—307 somehow limits the broader language of the first paragraph providing that "no common law or statutory right to recover damages *** shall be available." 40 ILCS 5/22—307 (West 1996).

■ Nevertheless, we find these contentions without merit. This court dismissed all of these arguments in *Village of Winnetka*, and, after careful review of our decision in that case, we find no reason to abandon the bases for rejecting these arguments. See *Village of Winnetka*, 232 Ill. App. 3d at 354-57. As such, we decline to address them here.

### III. The Effect of the 1997 Amendment to Section 22—307

Claimant contends that the 1997 amendment to section 22—307 in 1997 was designed to clarify section 22—307's application and that, consequently, we should apply the former version of section 22—307 as it would be with the 1997 amendment. We disagree.

■ A material change in the language of an unambiguous statute creates a presumption that the amendment was intended to change the law. *State of Illinois v. Mikusch*, 138 Ill. 2d 242, 252 (1990). "This presumption may only be rebutted by evidence that 'the legislature intended only to interpret the original act.' " *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 514 (1988), quoting *People v. Youngbey*, 82 Ill. 2d 556, 563 (1980). To that end, the circumstances surrounding the enactment of the amendment must be considered. *O'Connor v. A&P Enterprises*, 81 Ill. 2d 260, 271 (1980). Moreover:

"In cases where a subsequent statutory amendment has been construed as a clarification rather than a change in the meaning of a statute, however, some ambiguity existed in the statute prior to the amendment, and the statutory language as it originally existed did not disclose clearly the intent of the legislature. [Citation.] When the import of the original statutory language is clear, the court has declined to view an amendment as simply clarifying the legislature's intention. [Citation.]" *Mikusch*, 138 Ill. 2d at 252.

■ In the instant case, we do not find that the November 1997 amendment to section 22—307 was a mere clarification of the law. First, the original version of section 22—307 was unambiguous. It stated that "[w]henever any city or village enacts an ordinance pursuant to [the Pension Code], no common law or statutory right to recover damages against such city or village for injury or death *** shall be available." 40 ILCS 5/22—307 (West 1996). We do not believe that this language is capable of an interpretation other than that assigned to it in *Village of Winnetka*. *Village of Winnetka*, 232 Ill. App. 3d at 354-55. The clear import of the language is that an injured firefighter or police officer cannot pursue any common law or statutory remedies against his municipal employer except for those provided by ordinance enacted pursuant to section 22—306.

Second, we lack any indication that the amendment was intended to clarify the law. In many of the cases where the court found an amendment as a clarification of legislative intent, the legislative history clearly indicated that the legislature intended to clarify the law. See, *e.g.*, *Varelis v. Northwestern Memorial Hospital*, 167 Ill. 2d 449, 462 (1995), quoting 89th Ill. Gen. Assem., House Proceedings, February 16, 1995, at 111 (statement of Representative Cross) (" 'what this [amendment] does is, tries to clear up some Appellate Court decisions. We are still waiting . . . the Supreme Court has not ruled on it. So this is an attempt to clean up any confusion we have in the law' "); *Hyatt Corp. v. Sweet*, 230 Ill. App. 3d 423, 434-35 (1992) (citing legislative history where General Assembly members stated that the legislation *clarified* the original intent behind the statute); *Jacobson v. General Finance Corp.*, 227 Ill. App. 3d 1089, 1097 (1992), quoting 87th Ill. Gen. Assem., Senate Proceedings, May 22, 1991, at 245 (statement of Senator Jacobs) (where it was stated that " '[t]his bill, as amended *** clarifies that the prepayment section of the Interest Act [citation] does not apply to the installment loan rate' ").

However, our review of the legislative history surrounding the enactment of section 22—307's amendment reveals that the legislature sought to change the law. The legislative debates indicate that the legislature intended to cover firefighters under the 1975 amendments

to the Act and that the 1997 amendment to the Pension Code was a legislative "cleanup" in that it properly aligned the Pension Code's policy with the Act's. The debates do not suggest that the original section 22—307 did not effectively bar workers' compensation benefits. On the contrary, the debates strongly confirm that section 22—307 did bar workers' compensation actions and that the amendment was designed to eliminate that particular bar. See 90th Ill. Gen. Assem., Senate Proceedings, March 20, 1997, at 79-80; 90th Ill. Gen. Assem., Senate Proceedings, October 30, 1997, at 6-7; 90th Ill. Gen. Assem., House Proceedings, November 12, 1997, at 4. To that end, the legislature realigned the Pension Code with the policy of the Act by removing the language upon which the *Village of Winnetka* decision was anchored. Therefore, we believe that the legislative history supports the conclusion that the 1997 amendment was a change in law and not a clarification.

Lastly, we note that the legislature's delayed reaction to the *Village of Winnetka* case also supports a finding that the 1997 amendment was a change in law and not a clarification. " 'If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of a substantial change [of the original act by the amendment].' " *Gill v. Miller*, 94 Ill. 2d 52, 58 (1983), quoting 1A C. Sands, Sutherland on Statutory Construction § 22.31 (4th ed. 1972). In those cases where this consideration has supported interpretation of an amendment as a clarification, the legislature acted swiftly after the controversy arose. See, *e.g.*, *People v. Rink*, 97 Ill. 2d 533, 540 (1983) (amendment was enacted shortly after the act was declared unconstitutional by trial court); *Gill*, 94 Ill. 2d at 57 (statute amended within seven months after controversy arose); *Hyatt Corp.*, 230 Ill. App. 3d at 433 (statute amended within eight months after controversy arose).

We, however, do not find that the legislature acted swiftly in this case. In effect, the controversy arose on February 7, 1992, when we filed the *Village of Winnetka* decision, and the amendment was first passed by the House of Representatives on May 8, 1997. See 90th Ill. Gen. Assem., House Proceedings, May 8, 1997, at 48. Considering it took the legislature more than five years to pass this amendment, we cannot conclude that such is swift remedial action. Thus, in light of this fact and our above analysis, we decline to interpret the former version of section 22—307 as it now exists after the 1997 amendment.

## IV. Conclusion

Therefore, for the foregoing reasons, we affirm the circuit court of Cook County's confirmation of the Commission's decision.

Affirmed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RARICK, JJ., concur.