FRED JONES *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.*, (The City of Rock Island, Appellee).

Third District (Industrial Commission Division)    Nos. 3—01—0154WC, 3—01—0207WC cons.

Opinion filed May 15, 2002.

William M. Walker, of Coryn & Walker, of Rock Island, for appellants.

Jean Dickson Feeney and Mark A. Woollums, both of Betty, Neuman & McMahon, of Davenport, Iowa, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:
Claimants appeal from the order of the trial court affirming the

decision of the Industrial Commission (Commission) and dismissing the causes of action. Respondent, the City of Rock Island (City), cross-appeals from the portion of the trial court's order reversing the order of the Commission as it pertains to petitioner Fred Jones. We affirm the trial court in all respects except its reversal of the Commission regarding Jones; in that instance, we reverse.

On February 8, 1993, the City of Rock Island (City) passed an ordinance, pursuant to section 22—306 of the Illinois Pension Code (40 ILCS 5/22—306 (West 1992)) (the Code), whereby the City provided for the medical care for police officers and firefighters injured on the job. See Rock Island Municipal Code, art. III, div. 2, § 2—68 (amended February 8, 1993). Because the City passed this ordinance, injured police officers and firefighters were precluded from collecting benefits under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992) (the Act)). See 40 ILCS 5/22—307 (West 1992). Claimants were all employed as police officers or firefighters by the City and filed applications for adjustment of claim with the Industrial Commission between November 23, 1993, and May 15, 1998. In the case of claimant Jones, the City stipulated that it and Jones were operating under the provisions of the Act and proceeded to a contested hearing before an arbitrator on a section 19(b) petition. See 820 ILCS 305/19(b) (West 1992). The arbitrator found in favor of Jones. The City's appeal was dismissed. The City subsequently filed motions to dismiss in all the cases, including Jones's, alleging lack of subject matter jurisdiction. The arbitrator granted the City's motions. The Commission affirmed and adopted the arbitrator's decisions. After consolidating all the cases, the trial court affirmed the Commission except as to claimant Jones; in that case, the court ruled that the City had made an election to proceed under the Act instead of under its ordinance and reversed the Commission. This appeal by the claimants, except for Jones, and the cross-appeal by the City, followed.

At the time relevant to this case, section 22—306 of the Pension Code provided in part:

> "The corporate authorities of any city or the [*sic*] village may provide by ordinance that in case of an accident resulting in an injury to or death of a policeman or fireman in the employ of such city or village while in the performance of his duties, the officer at the head of the department *** may secure and provide proper medical care and hospital treatment for any such policeman or fireman." 40 ILCS 5/22—306 (West 1992).

When a municipality enacted such an ordinance, "no common law or statutory right to recover damages" against the municipality "shall be available." 40 ILCS 5/22—307 (West 1992). This court, in *Village of*

*Winnetka v. Industrial Comm'n*, 232 Ill. App. 3d 351 (1992), held that, once a municipality passed such an ordinance, the ordinance precluded an injured police officer or firefighter from recovering damages from the municipality under any common law or statutory theory. In November 1997, the General Assembly amended section 22—307 and removed the bar to statutory recovery of damages by municipalities with populations under 500,000. See 40 ILCS 5/22—307 (West 1998).

■ In each of these cases, the claimant was injured after the City passed the ordinance pursuant to the Pension Code but before the General Assembly amended the Code in 1997. The Commission found that it lacked jurisdiction over the claims. The claimants contend that the Commission erred in finding that it had no jurisdiction. Claimants argue that the passage of the ordinance gave the City the ability to "elect" to proceed either under the ordinance or under the Act. Claimants cite no law for this proposition. Indeed, the version of section 22—307 in effect at the time of the injuries was unambiguous "that an injured firefighter or police officer cannot pursue any common law or statutory remedies against his municipal employer except for those provided by ordinance enacted pursuant to section 22—306." *Nelson v. Industrial Comm'n*, 305 Ill. App. 3d 651, 655 (1999). This argument is without merit.

■ Claimants next contend that the City is estopped from denying the Commission's jurisdiction because of its actions in the proceeding brought by claimant Jones. In that case, even though Jones was injured after the passage of the ordinance, the City did not raise the Commission's lack of jurisdiction when it appeared before the Commission's arbitrator. Indeed, the City stipulated that, on the dates of Jones's injuries, the parties were "operating under the provisions of the Workers' Compensation/Occupational Disease Act [*sic*]," and, after a hearing, the arbitrator found that the City was "operating under and subject to the provisions of the Illinois Workers' Compensation Act." However, subject matter jurisdiction either exists or it does not. *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 507 (1997). It cannot be waived, stipulated to, or consented to by the parties (*Eschbaugh v. Industrial Comm'n*, 286 Ill. App. 3d 963, 967 (1996)), nor can it be conferred by estoppel. *Klopfer*, 286 Ill. App. 3d at 507. Subject matter jurisdiction can be raised at any time and may be raised *sua sponte* if necessary. *Eschbaugh*, 286 Ill. App. 3d at 968. Thus, the other claimants have misplaced reliance on the City's stipulation in the Jones case, and it is of no benefit to them. The City was not estopped from raising the issue of subject matter jurisdiction, and the Commission did not err in finding that it did not have subject matter jurisdiction.

■ Claimants next contend that the Commission erred in finding

that it did not have jurisdiction over claims filed after the 1997 amendment. Claimants Metscaviz, Rogers, Clark and Westphal were injured before the amendment became effective and filed their claims, in a timely manner pursuant to the Act, after the Code was amended. The legislature can, in certain circumstances, constitutionally revive a previously barred statutory remedy; however, such a revival will not be found unless the legislature clearly indicates that intention. *Arnold Engineering, Inc. v. Industrial Comm'n*, 72 Ill. 2d 161, 167 (1978). Our review of the amendment of section 22—307 reveals nothing to indicate an express intent on the part of the legislature that previously barred claims be revived. Therefore we find no error here.

■ Claimants next contend that the City's motions to dismiss were not timely, arguing that the City was required to file its motions to dismiss before the effective date of the amendment of the Code. Claimants cite no authority for this proposition. Furthermore, in light of our resolution of the prior issue, claimants were still barred from seeking relief under the Act even after the amendment of the Code. Thus, this issue has no merit.

■ Claimants next contend that the amendment to the Code should have been applied retroactively. We disagree.

It has been held that, as a general rule, workers' compensation proceedings are governed by the law in effect at the time of the injury. See *Wilson-Raymond Constructors Co. v. Industrial Comm'n*, 79 Ill. 2d 45, 51 (1980); *Westinghouse Airbrake Co. v. Industrial Comm'n*, 306 Ill. App. 3d 853, 857 (1999). Recently, our supreme court revisited the issue of the retroactive application of statutes and adopted a new test to determine whether a statute is to be applied to antecedent events. In *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001), the court adopted the approach set forth in *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994). The court set forth the test as follows:

> "Under the *Landgraf* test, if the legislature has clearly indicated what the temporal reach of an amended statute should be, then, absent a constitutional prohibition, that expression of legislative intent must be given effect. However, when the legislature has not indicated what the reach of a statute should be, then the court must determine whether applying the statute would have a retroactive impact, *i.e.*, 'whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' [Citation.] If there would be no retroactive impact, as that term is defined by the court, then the amended law may be applied. [Citation.] If, however, applying the amended version of the law would

have a retroactive impact, then the court must presume that the legislature did not intend that it be so applied. [Citation.]" *Commonwealth Edison Co.*, 196 Ill. 2d at 38.

In determining whether a statute operates retrospectively, a court must ask whether the new provision attaches new legal consequences to events completed before its enactment; any such conclusion comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. *Commonwealth Edison Co.*, 196 Ill. 2d at 39, citing *Landgraf*, 511 U.S. at 269-70, 128 L. Ed. 2d at 254-55, 114 S. Ct. at 1499.

We find no express legislative intent that the amended statute apply to antecedent events. Public Act 90—525 merely states: "This Act takes effect upon becoming law." Pub. Act 90—525, § 5, eff. November 12, 1997. With no indication of the intended temporal reach of the amendment, we must then determine if applying the amended statute to these claims would have a retroactive impact. We conclude that it would. Application of the amended statute would change the City's liability for these claimants' injuries. The City was already liable for the claimants' medical care and hospital treatment pursuant to the ordinance. Application of the amendment might even allow claimants to recover from the City both under the ordinance *and* under the Act, as is demonstrated by the following colloquy from the senate debate:

"SENATOR BUTLER:

Another question. It doesn't work as when we had the Scaffold Act? They can't sue under both and then collect on the highest? There will be one remaining fund, so to speak, to collect from.

\*\*\*

SENATOR DUDYCZ:

Senator Butler, I've been told it does not prohibit them from collecting from both, but they are hoping that the municipalities eliminate, by ordinance, these provisions so that they're not even afforded the opportunity." 90th Ill. Gen. Assem., Senate Proceedings, October 30, 1997, at 8 (statements of Senators Butler & Dudycz).

Thus, application of the amendment would have a retroactive impact, and we must presume that the legislature did not intend such a result. See *Commonwealth Edison Co.*, 196 Ill. 2d at 38.

This court was faced with a similar situation in *Nelson*. In that case, the arbitrator found that claims for injuries sustained by a firefighter during the period of 1985 through 1987 were barred by section 22—307. It is unclear exactly when the claimant filed his claim for recovery of workers' compensation benefits. The claimant argued on appeal, *inter alia*, that the 1997 amendment of the Code was designed

to clarify section 22—307 and that this court should apply section 22—307 "as it would be with the 1997 amendment." *Nelson*, 305 Ill. App. 3d at 654. The *Nelson* court did not engage in a "retroactivity" analysis. However, the court determined that the 1997 amendment was "a change in law and not a clarification" and the court "decline[d] to interpret the former version of section 22—307 as it now exists after the 1997 amendment." *Nelson*, 305 Ill. App. 3d at 656. We, too, decline to apply the amendment retroactively and find no merit to this argument.

■ Claimants next contend that both section 22—307 and the City's code are unconstitutional. Claimants cite to no authority or constitutional provision in this one-sentence argument. Thus, we deem this point waived. See *People v. Peeples*, 155 Ill. 2d 422, 449-50 (1993).

■ The City has cross-appealed the trial court's ruling in favor of claimant Jones, who did not file a brief on appeal. The trial court ruled that the City had made a knowing and binding election to proceed under the Act when it stipulated that it was operating pursuant to the Act, participated in a contested hearing before the arbitrator, and appealed the adverse ruling against it. However, the issue of subject matter jurisdiction cannot be waived, stipulated to or consented to, and it can be raised at any time. *Eschbaugh*, 286 Ill. App. 3d at 967-68. The City's actions could not confer subject matter jurisdiction where it is otherwise absent. See *Eschbaugh*, 286 Ill. App. 3d at 968. Therefore, the trial court erred in entering judgment in Jones's behalf.

For these reasons, the judgment of the circuit court of Rock Island is affirmed as to all claimants except Fred Jones and is reversed as to Fred Jones.

Affirmed in part and reversed in part.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE and RARICK, JJ., concur.